**LOKER LAW, APC**
Shelby J. Radecki (355303)
shelby.radecki@loker.law
Telephone: (805) 623-0633
132 Bridge Street
Arroyo Grande, CA 93420

*Attorney for Plaintiff,*
Marcha Stevenson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCHA STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.; EQUIFAX INFORMATION SERVICES, LLC; AND, EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | **Case No.:** 2:26-cv-03039-MCS-AJR<br><br>**JOINT DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**<br><br>**DATE:** July 13, 2026<br>**TIME:** 10:00 a.m.<br>**COURTROOM:** 7C<br><br>**HON. MARK C. SCARSI** |

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Plaintiff MARCHA STEVENSON ("Plaintiff") and Defendants CITIBANK, N.A. ("Citibank")[1]; EQUIFAX INFORMATION SERVICES, LLC ("Equifax")[2]; AND EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

### A. STATEMENT OF CASE

**PLAINTIFF:** Plaintiff Marcha Stevenson brings this action against Defendants arising from the inaccurate reporting of late payments on her Citi Simplicity Card ending in 8314. The inaccurate reporting resulted from a banking error by Plaintiff's credit union, Credit Union of Southern California ("CU of SoCal"), which, following a merger, began misrouting Plaintiff's autopayments to an incorrect account between October and December 2025. CU of SoCal subsequently admitted this error in writing. Despite receiving Plaintiff's written disputes accompanied by CU of SoCal's admission letter, Defendants failed to conduct reasonable reinvestigations and continued reporting inaccurate derogatory information. The inaccurate reporting caused Plaintiff's credit score to drop approximately 50 points, directly resulting in her disqualification from a mortgage she was in the process of obtaining. Plaintiff asserts two counts: (I) violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., for failure to reasonably reinvestigate disputed information pursuant to § 1681i; and (II) violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq., for furnishing and maintaining information Defendants knew or should have known was inaccurate. Plaintiff seeks actual damages, statutory damages, punitive damages, attorneys' fees and costs, and injunctive relief.

---

[1] Plaintiff and Citibank have stipulated, and the Court has ordered to stay the claims between them pending arbitration.

[2] A confidential settlement agreement has been reached and a stipulation to dismiss the claims against Equifax has been filed in this case.

**EXPERIAN:** Experian denies Plaintiff's claims. This is an action for damages brought by an individual consumer against Experian, a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785 et seq. ("CCCRA").

Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. The FCRA and CCRAA are not strict liability statutes and do not require credit reporting agencies, like Experian, to maintain error-free credit reporting. Rather, the statutes require credit reporting agencies to maintain reasonable procedures to comply with the obligations imposed by the statutes. At all times, Experian followed reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it prepared. Experian reasonably investigated the trade line(s) Plaintiff disputed and accurately reported information on Plaintiff's disclosure report.

Defendant Experian denies that it failed to comply with the requirements set forth under the FCRA and CCRAA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damages as a result of any alleged wrongful actions or inactions of Experian. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Accordingly, Experian has no liability in this case under the FCRA or CCRAA and denies all liability to Plaintiff for any alleged damages.

Experian bases this statement on the facts and information currently available to it and reserves the right to supplement this summary if necessary as this case and the facts develop. Experian readopts and realleges its affirmative defenses from the

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO. 2:26-CV-03039-MCS-AJR          **2 OF 9**          *Stevenson v Citibank, N.A., et al*
JOINT DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)

Answer and Affirmative Defenses filed in response to Plaintiff's First Amended Complaint as if fully set forth herein.

## B. SUBJECT MATTER JURISDICTION

**PLAINTIFF:** Plaintiff contends that this Action is properly before this Court due to federal question jurisdiction as a result of Plaintiff's claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681.

**EXPERIAN:** Defendants do not dispute jurisdiction at this time but reserve the right to do so.

## C. LEGAL ISSUES

**PLAINTIFF:** To assert  a prima facie FCRA case for violation of 15 U.S.C. § 1681s-2(b), the plaintiff must "prove (1) Defendant is a 'furnisher'; (2) Plaintiff notified the [Credit Reporting Agency] that Plaintiff disputed the reporting as inaccurate; (3) the [Credit Reporting Agency] notified the furnisher of the alleged inaccurate information of the dispute; (4) the reporting was in fact inaccurate; and, (5) Defendant failed to conduct the investigation required by [15 U.S.C.] § 1681s-2(b)(1)." *Robbins v. CitiMortgage, Inc.*, No. 16-cv-4732 LHK, 2017 U.S. Dist. LEXIS 209367, at *13 (N.D. Cal. Dec. 20, 2017) citing to *Biggs v. Experian Info. Solutions, Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016); *Hughes v. IQ Data Int'l, Inc.*, 2016 U.S. Dist. LEXIS 177693, at *2 (N.D. Cal. 2016); and, *Gorman*, 584 F.3d at 1153-55. *See also Ma v. Target Corp.*, No. SACV17-1625 AG (JDEx), 2018 U.S. Dist. LEXIS 128902, at *7 (C.D. Cal. July 30, 2018) (same).

To prevail on a FCRA claim for a violation of 15 U.S.C. § 1681i, a plaintiff must prove that (1) her consumer file contained prima facie inaccurate or incomplete information; (2) she notified Experian of the alleged inaccuracy; (3) the Credit Reporting Agency failed to respond or conduct a reasonable investigation of the disputed item; and, (4) the plaintiff suffered damages as a result of Defendant's conduct. *Butler v. Experian Info. Servs., LLC, No. EDCV18-2084 JGB (SHKx)*, 2019 U.S. Dist. LEXIS 96594, at *5 (C.D. Cal. Apr. 3, 2019) (citing *Carvalho v. Experian*

*Info. Servs., LLC,* 629 F.3d 876, 890 (9th Cir. 2010); *Dennis v. BEH-1 LLC*, 520 F.3d 1066, 1071 (9th Cir. 2008).

To prevail on a CCCRAA claim, the plaintiff "must prove that (1) Defendant is a 'person' under the CCCRAA, (2) Defendant reported information to a [Credit Reporting Agency]; (3) the information reported was inaccurate; (4) Plaintiff was harmed; and, (5) Defendant knew or should have known that the information was inaccurate." *Sanchez v. U.S. Bank Nat'l Ass'n*, 2019 U.S. Dist. LEXIS 106892, at *13 (C.D. Cal. June 27, 2019) citing to *Robbins v. CitiMortgage,Inc.*, No. 16-CV-04732-LHK, 2017 U.S. Dist. LEXIS 209367, at *38 (N.D. Cal. Dec. 20, 2017); and, Cal. Civ. Code § 1785.25(a).

**EXPERIAN:** Experian believes that the principal legal issues in this case are:

- Whether Plaintiff can establish an inaccuracy on her Experian consumer file that she disputed directly to Experian;

- Whether Plaintiff can establish that Experian did not conduct a reasonable reinvestigation of the disputed items based on the information submitted by Plaintiff;

- Whether Plaintiff can prove that there is an inaccuracy on a consumer report prepared by Experian within the meaning of the FCRA or CCCRA;

- Whether Plaintiff can establish that Experian failed to maintain reasonable procedures to ensure maximum accuracy of its consumer reports;

- Whether Experian violated the FCRA or CCCRA;

- Whether Plaintiff can establish that Experian's alleged violations were willful; and

- Whether Plaintiff can establish that she suffered any damages, and if so, that they were directly caused by Experian's alleged violations.

//
//
//

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## D. PARTIES, EVIDENCE, ETC.

**PLAINTIFF:** The key witnesses from Plaintiff's perspective are Plaintiff; Defendant's respective Fed. R. Civ. P. 30(b)(6) witness(es); and, Defendant's respective Fed. R. Civ. P. 30(b)(1) witness who handled Plaintiff's account.

In addition, the key documents are Plaintiff's disputes; documents regarding Plaintiff's damages; and, Defendants' files on Plaintiff including documents regarding each Defendants' investigation of Plaintiff's disputes.

**EXPERIAN:** The parties are as follows: Plaintiff, Citibank, N.A., Experian Information Solutions, Inc., and Equifax Information Services, LLC.

Witnesses will include Plaintiff and the Fed. R. Civ. P. 30(b)(6) witness(es) for each Defendant as well as Fed. R. Civ. P. 30(b)(1) witness(es).

Key documents in this matter will include Plaintiff's credit reports, Plaintiff's dispute; documents regarding the investigation(s)/reinvestigation(s) of Plaintiff's disputes; and Defendants' file(s) regarding Plaintiff.

## E. DAMAGES

**PLAINTIFF:** Plaintiff contends the realistic range of provable damages is in the six figures. This number will take more shape through the assistance of an economist and as Plaintiff develops the evidentiary record during the discovery process.

**EXPERIAN:** Experian does not allege any damages at this time but reserves the right to do so. Further, Experian denies liability to Plaintiff for any damages. If liability is established, Experian contends that damages should be calculated through expert testimony.

## F. INSURANCE

**PLAINTIFF:** Plaintiff does not have an insurance policy related to this action.

**EXPERIAN:** Experian does not have insurance coverage relevant to this matter.

//

//

**LOKER LAW, APC**
**132 BRIDGE STREET**
**ARROYO GRANDE, CA 93420**

## G. MOTIONS

**PLAINTIFF:** Plaintiff does not anticipate filing any motions to add parties or claims, file amended pleadings, or to transfer venue.

**EXPERIAN:** Experian does not anticipate adding any Parties nor amending its pleadings, but reserves the right to do so.

## H. DISPOSITIVE MOTIONS

**PLAINTIFF:** Plaintiff does not anticipate filing a dispositive motion in this matter given the questions of reasonableness, causation, and willfulness that govern Plaintiff's claims herein.

**EXPERIAN:** If the parties are unable to resolve the issues in this case, Experian anticipates filing dispositive motions after or shortly before the conclusion of discovery. Experian reserves its right to file other pre-trial motions that may become necessary.

## I. MANUAL FOR COMPLEX LITIGATION

The Parties do not believe the Manual for Complex Litigation is required in this matter.

## J. STATUS OF DISCOVERY

**PLAINTIFF:** Plaintiff will propound discovery in advance of the Scheduling Conference.

**EXPERIAN:** Experian will propound discovery promptly after the Scheduling Conference.

//
//
//
//
//
//
//
//

CASE NO. 2:26-CV-03039-MCS-AJR          **6 OF 9**          *Stevenson v Citibank, N.A., et al*

**JOINT DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**

## K. DISCOVERY PLAN

**PLAINTIFF:** Plaintiff's does not believe any changes need to be made regarding the Fed. R. Civ. P. 26(a) disclosures.  In addition, Plaintiff seeks discovery in this matter regarding the following:

- Plaintiff's file as maintained by each Defendant
- Documents or electronically stored information regarding account origination
- Plaintiff's disputes
- Documents regarding each Defendant's investigation of Plaintiff's disputes
- Documents regarding punitive damages
- Information sufficient to establish Plaintiff's damages

Plaintiff does not believe discovery should be conducted in phases or otherwise limited.

**EXPERIAN:** Experian does not request any changes to the disclosures pursuant to 26(a) nor does Experian believe that discovery should be conducted in phases or otherwise limited.

## L. DISCOVERY CUT-OFF

The Parties propose a discovery cut-off of March 1, 2027.

## M. EXPERT DISCOVERY

The Parties propose the following dates regarding expert discovery:

Initial Expert Disclosures: February 8, 2027

Rebuttal Expert Disclosures: March 8, 2027

Expert Discovery Cut-Off: April 5, 2027

//

//

//

//

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## N. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

**PLAINTIFF:** Plaintiff requests ADR Procedure No. 2 for this matter. In terms of settlement discussion to date, Plaintiff has reached a settlement agreement with Trans Union, Plaintiff has stipulated to arbitration for Plaintiff's claims against Citibank, and Plaintiff has yet to enter into settlement negotiations with Experian.

**EXPERIAN:** Experian requests ADR Procedure No. 2 for this matter.

## O. TRIAL ESTIMATE

**PLAINTIFF:** Plaintiff requests a four-day jury trial with 5-7 witnesses to be called by Plaintiff.

**EXPERIAN:** Experian anticipates that trial will take 3-4 days and contemplates calling 3-4 witnesses.

## P. TRIAL COUNSEL

**PLAINTIFF:** Plaintiff will be represented at trial by Matthew M. Loker and Shelby J. Radecki.

**EXPERIAN:** Experian will be represented at trial by Benjamin Shin of Goodwin Procter LLP.

## Q. INDEPENDENT EXPERT OR MASTER

The Parties do not believe this is a case where the Court should consider appointing a master or independent scientific expert.

## R. SCHEDULE WORKSHEET

The Parties have jointly completed the Schedule of Pretrial and Trial Dates form and have attached it as Exhibit A to the Joint Rule 26(f) Report.

## S. OTHER ISSUES

**PLAINTIFF:** Plaintiff is unaware of any such issues.

**EXPERIAN:** Experian is unaware of such issues.

//

//

//

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO. 2:26-CV-03039-MCS-AJR          **8 OF 9**          *Stevenson v Citibank, N.A., et al*
**JOINT DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**

Date: June 25, 2026

**LOKER LAW, APC**

BY: ___/s/ SHELBY J. RADECKI___
SHELBY J. RADECKI, ESQ.
ATTORNEY FOR PLAINTIFF

**BALLARD SPAHR LLP**

By: _/s/ Melanie J. Vartabedian_
MELANIE J. VARTABEDIAN, ESQ.
COUNSEL FOR CITIBANK, N.A.

**GOODWIN PROCTER LLP**

By: _/s/ Benjamin Shin_
BENJAMIN SHIN, ESQ.
COUNSEL FOR DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(44) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to all defense counsel, and that I have obtained their authorization to affix electronic signatures to this document.

Date: June 25, 2026                                    **LOKER LAW, APC**

                                              ___/S/ SHELBY J. RADECKI___
                                              SHELBY J. RADECKI, ESQ.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing *Joint Discovery Plan Pursuant to F.R.C.P. 26(f)* has been filed on June 25, 2026, through the Court's electronic filing system. All parties may access the foregoing via the Court's electronic filing system.

Date: June 25, 2026                                          **LOKER LAW, APC**

                                                            ___/S/ SHELBY J. RADECKI___
                                                            SHELBY J. RADECKI, ESQ.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:26-CV-03039-MCS-AJR**                     *Stevenson v Citibank, N.A., et al*

**PROOF OF SERVICE**