**LOKER LAW, APC**
Shelby J. Radecki (355303)
shelby.radecki@loker.law
Telephone: (805) 623-0633
132 Bridge Street
Arroyo Grande, CA 93420

*Attorney for Plaintiff,*
Marcha Stevenson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCHA STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.; EQUIFAX INFORMATION SERVICES, LLC; AND, EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>Defendants. | **Case No.:** 2:26-cv-03039-MCS-AJR<br><br>**PLAINTIFF MARCHA STEVENSON'S SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE RE: GLOBAL STAY**<br><br>**HON. MARK C. SCARSI** |

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**LOKER LAW, APC**
**132 BRIDGE STREET**
**ARROYO GRANDE, CA 93420**

## I.    **<u>INTRODUCTION</u>**

On May 26, 2026, this Court issued an Order to Show Cause why the entire case should not be stayed pending arbitration of Plaintiff Marcha Stevenson's claims against Defendant Citibank, N.A. ("Citibank"). (ECF No. 30.) Plaintiff respectfully submits that a global stay is not warranted on the facts presented here.

Plaintiff's counsel inadvertently omitted a response to the Order to Show Cause from the Joint Rule 26(f) Report filed on June 25, 2026 (ECF No. 33). Plaintiff promptly submits this supplemental filing to address the Court's Order and to ensure the Court has Plaintiff's position before ruling.

A stay of Plaintiff's claims against the bureau Defendants, Equifax Information Services, LLC ("Equifax")[1] and Experian Information Solutions, Inc. ("Experian") is neither required nor warranted. Proceeding against Equifax and Experian will not duplicate or interfere with the Citibank arbitration, and an indefinite stay would cause Plaintiff concrete and ongoing prejudice. Experian and Equifax bear independent duties under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., that will not be resolved by any arbitration between Plaintiff and Citibank. Equifax and Experian, as consumer reporting agencies, bear their own independent reinvestigation obligations under the FCRA that are entirely distinct from the claims being arbitrated against Citibank. Because the claims against Equifax and Experian present separate factual and legal questions that can proceed without interfering with the Citibank arbitration, Plaintiff respectfully requests that the Court discharge the OSC and permit those claims to move forward.

//

//

//

---

[1] A confidential settlement agreement has been reached and a stipulation to dismiss the claims against Equifax has been filed in this case and is pending before the Court.

CASE NO.: 2:26-cv-03039-MCS-AJR     **1 OF 7**     *Stevenson v. Citibank N.A., et al.*

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE RE: GLOBAL STAY**

## II.    LEGAL STANDARD

The United States Supreme Court explained that the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigations." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]his can best be done…[by] weigh[ing] competing interests and maintain[ing] an even balance." Id. citing to *Kansas City Southern Ry. v. United States*, 282 U.S. 760, 763 (1931); and, *Enelow v. New York Life Ins*. Co., 293 U.S. 379, 382 (1935). Moreover, the Supreme Court stated that the moving party "must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis,* 299 U.S. at 255. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*  Finally, the Supreme Court cautioned that due to the "likelihood or danger of abuse…there is no power by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger." Id. at 256 citing to *Dolbeer v. Stout, 136 N.Y. 486, 489; Rosenberg v. Slotchin,* 181 App. Div. 137, 138; *Wadleigh v. Veazie, Fed. Cas. No. 17,031*; *Checker Cab Mfg. Co. v. Checker Taxi Co., 26 F*.2d 752; and, *Jefferson Standard Life Ins. Co. v. Keeton*, 292 F 3d. 53 (1923).

Furthermore, "before granting a stay pending the resolutions of another case, the Court must carefully consider the time reasonably expected for resolution of the 'other case' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'" *Wedgeworth v. Fibreboard Corp*., 706 F.3d 541, 545 (5th Cir. 1983).  "[W]hether or not a stay is 'immoderate' is a function of two variables – the scope of the stay, and the reasons cited for ordering it." *Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir. 1976*) (wherein the Court denied a stay after finding that a stay in that matter, "in all probability will

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

remain in effect at least eighteen months, and might last for as long as five years" and was therefore, "indefinite.").

Here, this is not one of those "rare circumstances" that would warrant a global stay. No party has made a clear showing of hardship or inequity sufficient to compel Plaintiff, who does not consent to a stay of his claims against Equifax and Experian to sit idle for an indefinite period of time.

### III.    ARGUMENT

### A. The Claims Against Equifax and Experian Are Independent of the Citibank Arbitration.

Plaintiff's claims against Equifax and Experian arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681i, for their independent obligations to conduct reasonable reinvestigations of Plaintiff's consumer disputes, and under the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq. These claims concern the conduct of Equifax and Experian in their respective capacities as consumer reporting agencies; not as agents or affiliates of Citibank. The duty to conduct a reasonable reinvestigation is owed directly by each consumer reporting agency upon receipt of a consumer dispute, regardless of what the underlying furnisher does or does not do.

The Citibank arbitration, by contrast, concerns Citibank's obligations as a furnisher under 15 U.S.C. § 1681s-2(b): whether Citibank reasonably investigated Plaintiff's disputes and corrected or deleted inaccurate information. The arbitration will resolve Citibank's conduct. It will not resolve, and need not precede, resolution of the bureaus' independent reinvestigation duties. The factual and legal issues are not identical, and their resolution does not depend on one another.

### B. A Global Stay Will Not Simplify the Issues.

A stay is appropriate only where it will actually simplify the legal and factual issues to be litigated. *Landis,* 299 U.S. at 254–255. Here, the Citibank arbitration concerns whether Citibank conducted a reasonable investigation of Plaintiff's

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

disputes under 15 U.S.C. § 1681s-2(b). It will also determine what steps Citibank took upon receipt of dispute notifications. The arbitration will not determine whether Equifax's or Experian's reinvestigation procedures were reasonable under 15 U.S.C. §§ 1681e(b) and 1681i, claims specific to Equifax and Experian as credit reporting agencies. These are entirely separate factual inquiries.

"The FCRA evinces Congress's intent that consumer reporting agencies, having the opportunity to reap profits through the collection and dissemination of credit information, bear 'grave responsibilities,' 15 U.S.C. § 1681a(4), to ensure the accuracy of that information." *Cushman v. Trans Union Corp*., 115 F.3d 220, 225 (3d Cir. 1997) citing to Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir. 1993). By the same token, furnishers bear their own independent statutory duty to ensure the accuracy of information they report and to investigate upon notice of dispute. Citibank's liability under those duties will be resolved during the Citibank arbitration. In contrast, a stay of the claims against Equifax and Experian will not clarify a single element of Equifax or Experian's respective liability. It will only delay Plaintiff's right to have those independent claims heard.

## C. **A Global Stay Would Prejudice Plaintiff and Is of Indefinite Duration.**

Plaintiff does not consent to a stay of the claims against Equifax and Experian. AAA arbitrations are frequently protracted affairs with no fixed end date. Plaintiff would face an indefinite period of delay, potentially years, before his non-arbitrable claims against Equifax and Experian could be heard, all while Equifax and Experian face no comparable hardship from proceeding.

Plaintiff is a consumer who suffered a credit score drop of approximately 50 points due to the inaccurate reporting at issue, directly causing her to be disqualified from a mortgage she was in the process of obtaining. Experian continues to maintain inaccurate derogatory information on Plaintiff's consumer reports. Every day this litigation is stayed is a day that inaccurate information may continue to appear on Plaintiff's credit report, potentially affecting her access to credit, housing, and

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

employment. Staying this case globally, potentially for months or years while arbitration with Citibank runs its course, imposes disproportionate harm on Plaintiff with no corresponding benefit to the parties who do not participate in that arbitration.

Further, the arbitration agreement at issue is between Plaintiff and Citibank. Neither Equifax nor Experian is a party to that agreement, and neither has invoked arbitration. The Federal Arbitration Act, 9 U.S.C. § 3, authorizes a stay only "where the issue involved in such suit or proceeding is referable to arbitration" under the relevant agreement. The claims against Equifax and Experian are not referable to the Citibank arbitration agreement, and no statutory or contractual basis exists to stay those claims.

Courts in the Ninth Circuit recognize that the discretion to stay non-arbitrating defendants' claims should be exercised carefully and is not automatic. Where, as here, the claims against non-arbitrating defendants are legally and factually independent of the claims being arbitrated, judicial economy does not compel a global stay, and the balance of hardships weighs against one

Plaintiff does not wish to have this action stayed, and there is no benefit, to the Court, to the parties, or to judicial economy, in holding Plaintiff's credit reporting agency claims in abeyance. Simply wanting to delay liability for independent FCRA and CCCRAA violations is not one of those "rare circumstances" that justifies Plaintiff being forced to sit idle for an indefinite and unknown period of time. See *Landis,* 299 U.S. at 255.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court discharge the Order to Show Cause and decline to impose a global stay. The claims against Equifax and Experian are independent, non-arbitrable, and ready to proceed. Staying them would impose real and indefinite prejudice on Plaintiff without any corresponding benefit to judicial economy or to any other party.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Date: June 29, 2026

**LOKER LAW, APC**

BY: ___/S/ SHELBY J. RADECKI___
SHELBY J. RADECKI, ESQ.
ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## CERTIFICATE OF SERVICE

A copy of the foregoing *Plaintiff's Supplemental Response to Order to Show Cause Re: Global Stay* has been submitted on June 29, 2026 to all defense counsel of record via e-mail and U.S. Mail.

                                        ___/S/ SHELBY J. RADECKI___
                                        SHELBY J. RADECKI, ESQ.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.: 2:26-cv-03039-MCS-AJR                   *Stevenson v. Citibank N.A., et al.*

**PROOF OF SERVICE**